D. Conn.
97-cr-204
Dorsey, J.

# United States Court of Appeals
## FOR THE
## SECOND CIRCUIT

_____

   At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty.

Present:
> Dennis Jacobs,
> Debra Ann Livingston,
> Joseph F. Bianco,
>    *Circuit Judges*.

_____

Ruben Feliciano,

                    *Petitioner*,

        v.                                                    19-2936

United States of America,

                    *Respondent*.

_____

Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion, primarily based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019).  Petitioner argues, inter alia, that his 18 U.S.C. § 924(c) conviction predicated in part on conspiracy to commit murder in violation of 18 U.S.C. § 1959(a)(5) is no longer valid after *Johnson* and *Davis*.  Upon due consideration, it is hereby ORDERED that the stay previously entered by this Court is TERMINATED, Petitioner's motion for leave to file a successive § 2255 motion is GRANTED, and this proceeding is TRANSFERRED to the district court.  *See* 28 U.S.C. § 1631.  Petitioner has made a prima facie showing that the proposed § 2255 motion satisfies the requirements of § 2255(h).*  *Bell v. United States*, 296 F.3d 127, 128 (2d Cir. 2002) (per curiam).

_____

\* For present purposes, we rely on the pleadings in the present proceeding, and in 2d Cir. 16-2166, for the relevant details of Petitioner's counts of conviction.

CERTIFIED COPY ISSUED ON 04/28/2020

Case 18-2935   Document 24-1   04/28/2020   2827751   Page 2 of 3

For the purposes of this order, we have not examined Petitioner's other arguments or claims. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("The court of appeals must examine the [successive] application to determine whether it contains any claim that satisfies . . . § 2255[(h)]. If so, the court should authorize the prisoner to file the entire application in the district court, even if some of the claims in the application do not satisfy the applicable standards.").

We acknowledge that Petitioner's § 924(c) conviction might still be supported by a valid predicate, even if the other predicate is no longer valid after *Johnson* and *Davis*. However, making that determination in the present case would require detailed review of the criminal proceedings and factfinding that the district court is better suited to perform, particularly since portions of the record are not currently available to this Court. More importantly, that type of detailed review and factfinding is generally inappropriate in a gatekeeping proceeding where the Court only needs to determine whether a prima facie showing has been made and the Court is statutorily required to reach a decision quickly (or as quickly as circumstances permit). *See In re Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2



RECEIVED

2019 SEP 16 PM 4:10

CLERK'S OFFICE
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

### FOR THE SECOND CIRCUIT

## APPLICATION FOR LEAVE TO FILE A SECOND OR
## SUCCESSIVE MOTION TO VACATE, SET ASIDE
## OR CORRECT SENTENCE
## 28 U.S.C. § 2255
## BY A PRISONER IN FEDERAL CUSTODY

Name

Ruben Feliciano

Place of Confinement

FCC Coleman Medium- P.O. Box 1032, Coleman, Florida, 33521-1032

### INSTRUCTIONS--READ CAREFULLY

(1) This application must be legibly handwritten or typewritten and signed by the applicant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.

Prisoner Number

12986-014

(2) All questions must be answered concisely in the proper space on the form.

(3) The Judicial Conference of the United States has adopted the 8½ x 11 inch paper size for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(4) All applicants seeking leave to file a second or successive petition are required to use this form, except in capital cases. In capital cases only, the use of this form is optional.

(5) Additional pages are not permitted except with respect to additional grounds for relief and facts which you rely upon to support those grounds.

*June 20, 1996*

(6)     In accordance with the "Antiterrorism and Effective Death Penalty Act of 1996," as codified at 28 U.S.C. § 2255, effective April 24, 1996, before leave to file a second or successive motion can be granted by the United States Court of Appeals, it is the applicant's burden to make a prima facie showing that he satisfies either of the two conditions stated below.

>       A second or successive motion must be certified as provided in [28 U.S.C.] section 2255 by a panel of the appropriate court of appeals to contain—

>>      (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

>>      (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(7)     When this application is fully completed, the original and three copies must be mailed to:

>       Clerk of the Court
>       U.S. Court of Appeals
>       for the Second Citcuit
>       40 Foley Square
>       New York, NY 10007

*June 20, 1996*

## APPLICATION

1.    (a)    State and division of the United States District Court which entered the judgment of conviction under attack  U.S. District Court for the District of Connecticut (New Haven Division)

    (b)    Case number    3:97-CR-204 (PCD)

2.    Date of judgment of conviction    April of 1999

3.    Length of sentence    Life    Sentencing Judge  Peter C. Dorsey

4.    Nature of offense or offenses for which you were convicted:
    18 U.S.C. Section 1959(a)(1) and (2),
    18 U.S.C. Section 1959(a)(5), and
    21 U.S.C. Section 924(c)(1) and (2)

5.    Related to this conviction and sentence, have you ever filed a motion to vacate pursuant to 28 U.S.C. § 2255 in any federal court?
    Yes (X) No ( ) If "yes", how many times?    Once    (if more than one, complete 6 and 7 below as necessary)
    (a) Name of court    U.S. District Court (New Haven Division)
    (b) Date filed    unknown    (c) Case number 3:97-CR-204 (PCD)
    (d) Grounds raised (list all grounds; use extra pages if necessary)
    Ineffective assistance of Counsel

    (e) Result
        Denied (X)        Granted ( )        Other ( )(explain below)

        What reasons did the Court give for its ruling?
        Stated issues were without merit

    (f) Date of result    unknown

6.    As to any second federal motion, give the same information:

Page 3

(a) Name of court _____ N/A

(b) Date filed _____ N/A _____ (c) Case number _____ N/A _____

(d) Grounds raised (list all grounds; use extra pages if necessary) _____

    N/A

_____

_____

_____

_____

_____

(e) Result

      Denied ( )         Granted ( )        Other ( )(explain below)

      _____ N/A _____

      What reasons did the Court give for its ruling?

      _____ N/A _____

_____

_____

_____

(f) Date of result _____ N/A _____

7. As to any third federal motion, give the same information:

(b) Date filed _N/A_ _____ (c) Case number _N/A_ _____

(d) Grounds raised (list all grounds; use extra pages if necessary) _____
   N/A

_____

_____

_____

_____

_____

(e) Result

      Denied ( )         Granted ( )        Other ( )(explain below)

      _____ N/A _____

      What reasons did the Court give for its ruling?

      _____ N/A _____

_____

_____

_____

(f) Date of result _____ N/A _____

8. State concisely every ground on which you now claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.

A. Ground one: Murder and Maiming in Aid of Racketeering, in violation of 1959(a)(1) and (2), is not a "crime of violence"
Supporting FACTS (tell your story briefly without citing cases or law):
In light of United States v. Davis, Petitioner is serving an unconstitutional sentence because 1959(a)(1) and (2) does not qualify as a "crime of violence" to warrant a § 924(c) conviction. § 924(c) is unconstitutionally vague.
*Please see Argument II in Memorandum of Law.

Does this claim rely on a "new rule of constitutional law?"  Yes (X)  No ( )
If "yes," state the new rule of law (give case name and citation):
United States v. Davis, U.S. Supreme Court Cite, No. 18-431 (2019).

Does this claim rely on "newly discovered evidence?"  Yes ( )  No (X)
If "yes," briefly state the newly discovered evidence, and why it was not previously available to you  N/A

B. Ground two: Conspiracy to Commit Murder in Aid of Racketeering, in violation of 1959(a)(5), is not a "crime of violence"
Supporting FACTS (tell your story briefly without citing cases or law):
In light of United States v. Davis Petitioner is serviing an unconstitutional sentenc ebecuase 1959(a)(5) does not qualify as a "crime of violence" to warrant a § 924(c) conviction. § 924(c) is unconstitutionally vague.
*Please see Argument III in Memorandum of Law.

Does this claim rely on a "new rule of constitutional law?"  Yes (X)  No ( )
If "yes," state the new rule of law (give case name and citation):
United States v. Davis, U.S. Supreme Court Cite, No. 18-431 (2019).

C. **GROUND THREE:** Petitioner no longer has a qualifying predicate offense to warrant a § 924(c) conviction.

**SUPPORTING FACTS**

    In light of <u>United States v. Davis</u>, Petitioner is serving an unconstitutional sentence because § 1959(a)(1), (2), and (5) no longer qualify as "crime[s] of violence" for a § 924(c) conviction. § 924(c) is unconstitutionally vague.

        \*Please see Arguemnt IV in Memorandum of Law


Does this claim rely on a "new rule of constitutional law?"    Yes (X)  No ( )

  <u>United States v. Davis</u>, U.S. Supreme Court Cite, No. 18-431 (2019).

Does this claim rely on "newly discovered evidence?"    Yes ( )  No (X)

Does this claim rely on "newly discovered evidence?"    Yes ( )    No (X)
If "yes," briefly state the newly discovered evidence, and why it was not
previously available to you ___N/A_____

_____

_____

_____

_____

_____

_____

**[Additional grounds may be asserted on additional pages if necessary]**

9.    Do you have any motion or appeal now pending in any court as to the judgment now under
      attack?    Yes ( )    No (X)
      If "yes," name of court ___N/A_____    Case number ___N/A_____

        Wherefore, applicant prays that the United States Court of Appeals for the Eleventh
Circuit grant an Order Authorizing the District Court to Consider Applicant's Second or
Successive Motion to Vacate under 28 U.S.C. § 2255.

                                                    _____
                                                         Applicant's Signature

I declare under Penalty of Perjury that my answers to all the questions in this Application are true
and correct.

Executed on _____9/10/19_____
                   [date]

                                                    _____
                                                         Applicant's Signature

Page 6

## PROOF OF SERVICE

Applicant must send a copy of this application and all attachments to the United States Attorney's office in the district in which you were convicted.

I certify that on _____9/10/19_____ , I mailed a copy of this Application[*] and
[date]

all attachments to ___the Clerk of the Court for the U.S. Court of Appeals___

at the following address:
___40 Foley Square, New York, NY 10007___

_(signature)_
Applicant's Signature

---

[*] Pursuant to Fed.R.App.P. 25(a), "Papers filed by an inmate confined in an institution are timely filed if deposited in the institution's internal mail system on or before the last day of filing. Timely filing of papers by an inmate confined in an institution may be shown by a notarized statement or declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid."

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

RUBEN FELICIANO,
          Petitioner,

v.

Civil Case No.: _____
(To be assigned by the Court)

UNITED STATES OF AMERICA,
          Respondent.

Criminal Case No.: 3:97-CR-204 (PCD)

### PETITIONER'S TITLE 28 U.S.C. § 2255
### SECOND OR SUCCESSIVE MOTION TO
### VACATE, SET ASIDE OR CORRECT SENTENCE
### MEMORANDUM OF LAW

COMES NOW, Petitioner files this Title 28 U.S.C. § 2255 Second or Successive Motion to Vacate, Set Aside or Correct Sentence Memorandum of Law, pro-se. Petitioner is a layman of the law, unskilled in the law, and therefore, request that this motion be construed liberally. Haines v. Kerner, 404 U.S. 519 (1972).

Petitioner states the additional grounds for relief and facts relied upon to support those grounds for relief:

## I.   THE SCOPE OF REVIEW AT THIS STAGE IS STRICTLY CIRCUMSCRIBED

Authorization for leave to file a second or successive motion to vacate, correct, or set aside a federal sentence pursuant to 28 U.S.C. § 2255 may be granted where this Court certifies that the proposed motion "contain[s]...a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). This Court "may authorize the filing of a second or successive [motion] only if

-1-

it determines that the [motion] makes a prima facie showing that [it] satisfies
the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C).

In performing this "gatekeeping" function, the scope of review is strictly
circumscribed. The plain language of the statute establishes that the only
question at the authorization stage is whether the applicant has made a "prima
facie showing" that the proposed § 2255 motion "contains[s] a new rule of
constitutional law, made retroactive to cases on collateral review by the
Supreme Court, that was previously unavailable." The underlying merits of the
§ 2255 motion are "not relevant." In re Joshua, 224 F.3d 1281, 1282 n.2 (11th
Cir. 2000)(noting that it was "unnecessary for this Court to answer" questions
about the merits of a proposed Apprendi claim, because the inquiry under
§ 2255(h)(2) "addresses only whether Apprendi has been made retroactive to
cases on collateral review"). See also Hertz & Liebman, 2 Federal Habeas Corpus
Practive & Procedure § 28.3[d], at 1615 (6th ed. 2011) ("lack of merit" is
"irrelevant" at the authorization stage); Ochoa v. Simmons, 485 F.3d 538, 541
(10th Cir. 2007) ("This statutory mandate does not direct the appellate court
to engage in a preliminary merits assessment. Rather, it focuses our inquiry
solely on the conditions specified in § 2244(b) that justify raising a new
habeas claim."); In re Turner, 267 F.3d 225, 228 n.2 (3rd Cir. 2001) (noting
the absence of "any specific language in the statute that would support"
requiring the applicant to "make a 'prima facie' showing that he has meritorious
[new rule of constitutional law] claim in the first place"). And, in that
regard, "[a] prima facie showing is not a particularly high standard;" rather,
"a[n] application need only show [a] sufficient likelihood of satisfying the
strict standards of § 2255[h][2] to warrant a fuller exploration by the district
court." In re Holladay, 331 F.3d 1169, 1173 (11th Cir. 2003)(quotation omitted).

-2-

In this case, the applicant wishes to bring a second or successive § 2255 motion based on the Supreme Court's decision in <u>United States v. Davis</u>, Supreme Court Cite, No. 18-431 (2019). Thus, the only issue is whether he has made a "prima facie" showing that <u>Davis</u> announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). That issue is no longer in doubt following the Supreme Court's decision in <u>Welch v. United States</u>, 136 S. Ct. 1257 (Apr. 18, 2016). In <u>Welch</u>, the Court squarely held that "<u>Johnson</u> announced a substantive rule that has retroactive effect in cases on collateral review." <u>Id</u>. at 1268. <u>Johnson</u>, <u>Welch</u>, <u>Dimaya</u>, and now <u>Davis</u>, are retroactive for purposes of § 2255(h)(2). The Court also noted that "<u>Johnson</u> announced a new rule" of constitutional law. <u>Id</u>. at 1264. Indeed, it overruled prior Supreme Court precedent. In light of <u>Johnson</u>, <u>Welch</u>, <u>Dimaya</u>, and now <u>Davis</u>, applicant has done more than make the requisite "prima facie showing"; he has in fact satisfied the requirements of § 2255(h)(2). The Statute requires nothing more. The decision in <u>Davis</u> states that <u>Davis</u> is in fact a substantive change in the law.

Not only is that limited scope of review compelled by the plain statutory language, but it "is necessary for the proper implementation of the collateral review structure created by" Congress. <u>Tyler v. Cain</u>, 533 U.S. 656, 664 (2001). The statute requires this Court to adjudicate successive applications within 30 days, 28 U.S.C. § 2244(b)(3)(D), and "this stringent time limit thus suggests that the courts of appeals do not have to engage in the difficult legal analysis" that may be required to adjudicate the § 2255 motion. <u>Tyler</u>, 533 U.S. at 664. Rather, the statute leaves that analysis to the district court, which not only

-3-

must adjudicate the merits of the § 2255 motion, but also determine whether it in fact satisfies the gatekeeping requirements. See In re Moss, 701 F.3d 1301, 1302 (11th Cir. 2013)(stressing that the gatekeeping determination is "limited," and "the merits of the [§2255] motion, along with any defenses" are to be decided in the district court); 28 U.S.C. § 2244(b)(4). The present context illustrates the point. Because Johonson, Dimaya, and now Davis invalidates the residual clause of 16(b), 924(c), and the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and now Davis with § 924(c)(3)(B), applicant is entitled to relief.

If this Court is to consider the merits of the applicant's Davis claim, the applicant has made a "prima facie showing." This is so because there is, at the very least, a "reasonable likelihood" that his claim has "possible merit" "warrant[ing] fuller exploration by the district court." Holladay, 331 F.3d at 1173-74 (citations ommitted). Again, "[a] prima facie showing is not a particularly high standard." Id. (citation ommitted). Thus, at this stage, the applicant need not establish that he will ultimately prevail on the merits. And any doubts in that regard should be resolved in the applicant's favor, lest he be forever barred from having his Davis claim considered on the merits. Instead, the proper course is to permit the district court to consider the claim in the first instance based on a complete record, full briefing, and adversarial presentation, as the statute's plain language and structure contemplate.

II. **THE PETITIONER HAS, AT THE VERY LEAST, MADE A PRIMA FACIE SHOWING THAT MURDER AND MAIMING IN AID OF RACKETEERING, IN VIOLATION OF TITLE 18 U.S.C. § 1959(a)(1) and (2), IS NOT A CRIME OF VIOLENCE BASED ON § 924(c)(3)(B) BEING UNCONSTITUTIONALLY VAGUE, IN LIGHT OF U.S. V. DAVIS (2019)**

According to United States v. Davis, United States Supreme Court Cite, No. 18-431 (2019), Title 18 U.S.C. § 924(c)(1)(A) is unconstitutional and violates Petitioner's Fifth Amendment rights to Due Process. Murder and Maiming in Aid of Racketeering, in violation of Title 18 U.S.C. § 1959(a)(1) and (2), is not a "crime of violence," in light of Dimaya and now Davis. Murder and Maiming, under Title 18 U.S.C. § 1959(a)(1) and (2), is capable of being committted without the "use, attempted use, or threatened use of physical force against the person or another" or "involves conduct that presents a serious potential risk of physical injury to another." Federal Sentencing Guidelines Section 4B1.1, defining "crime of violence." Therefore, Murder and Maiming cannot qualify as a predicate offence for the § 924(c) offense, as a "crime of violence." In Sessions v. Dimaya, the Supreme Court ruled that § 16(b), which is almost identical to § 924(c), was unconstitutionally vague. And now, in United States v. Davis, the Supreme Court ruled that § 924(c)(3)(B)'s residual clause is "unconstitutionally vague." See United States v. Davis, No. 18-431 (2019). Without the residual clause, Petitioner's conviction for Murder and Maiming, in violation of Title 18 U.S.C. § 1959(a)(1) and (2), with a § 924(c) offense is invalid and his sentence is unconstitutional, due to the violation of the Fifth Amendment of the United States Constitution.

This Motion primarily concerns the following federal statutes:

1) **18 U.S.C. § 1959(a)(1) and (2)**

Section 1951, in pertinent part, provides:

(a) Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the

-5-

purpose of ganining enterence to or maintaining or increasing
position in an enterprise engaged in racketeering activity,
murders, kidnaps, maims, assults with dangerous weapon,
commits assault resulting in serious bodily injury upon, or
threatens to commit a crime of violence against any individual
in violation of the laws of any State or the United States,
or attempts or conspires so to do, shall be punished--

(1) for murder...

(2) for maiming...

(5) for attempting or conspiring to commit murder or kidnapping.

## 2) 18 U.S.C. § 924(c)

Section 924(c)(1), in pertinent part, provides:

...any person who, during and in relation to a crime of violence...
for which the person may be prosecuted in a court of the United
States, carries a firearm, shall, or who in furtherance of any
such crime, possesses a firearm, shall, in addition to the
punishment provided for such crime of violence...

(1) be sentenced to a term of imprisonment of not less than
five years;

(ii) if the firearm is brandished, be sentenced to a term
of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term
of imprisonment of not less than 10 years.

Under § 924(c)(3), "crime of violence" is defined as follows:

(3) For purposes of this subsection the term "crime of violence"
means an offense that is a felony and-

(A) has as an element the use, attempted use, or threatened
use of physical force against the person or property of
another, or

(B) that by its nature, involves a substantial risk that
physical force against the person or property of another
may be used in the course of committing the offense.

-6-

The relevant portion of § 924(c) defining a "crime of violence" has two clauses. The first clause- § 924(c)(3)(A)- is commonly referred to as the "force clause." The other- § 924(c)(3)(B)- is commonly referred to as the "residual clause." Murder and Maiming in Aid of Racketeering, under 18 U.S.C. § 1959(a)(1) and (2), categorically fails to qualify as a "crime of violence" under § 924(c)(3)'s force or residual clauses. 18 U.S.C. § 1959(a)(1) and (2) can be committed without violent physical force. Further, § 924(c)(3)'s residual clause, post-Johnson, Dimaya, and now Davis, is constitutionally incapable of supporting a conviction due to vagueness. Therefore, Petitioner's Title 18 U.S.C. § 924(c) offense must be vacated.

### A. THE FORCE CLAUSE

Petitioner's Murder and Maiming in Aid of Racketeering, under Title 18 U.S.C. § 1959(a)(1) and (2), is not a "crime of violence" under the force clause of § 924(c)(3) because it can be violated without the "use, attempted use, or threatened use of violent physical force." § 924(c)(3). To determine whether a predicate offense qualifies as a "crime of violence" under § 924(c), courts use the categorical approach. See Descamps v. United States, 133 S.Ct. 2276, 2283 (2013). This approach requires that the courts "look only to the statutory definitions- i.e., the elements- of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." Descamps. In addition, under the categorical approach, a prior offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute- "including the most innocent conduct" matches or is narrower than the "crime of violence" definition. United States v. Torres-Miguel, 701 F.3d 165, 167 (4th Cir. 2012). If the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the

statute categorically fails to qualify as a "crime of violence." After Descamps, when a statute defines an offense using a single, indivisible set of elements that allows for both violent and nonviolent means of commission, the offense is not a categorical "crime of violence."

As a result, post-Descamps, for Murder and Maiming in Aid of Racketeering, under 18 U.S.C. § 1959(a)(1) and (2), to qualify as a "crime of violence" under § 924(c)(3)'s force clause, the offense must have as an element of "physical force." And, "physical force" means "violent force" ⊢that is "strong physical force," which is "capable of causing physical pain or injury to another person." Johnson, (2012). Murder and Maiming in Aid of Racketeering, as defined by § 1959(a)(1) and (2), does not meet this requirement because it can be accomplished by putting someone in fear of future injury to his person, which does not require the use, attempted use, or threatened use of "violent force."

The act of placing another in fear of physical injury, at best, constitutes a threat of physical injury to another, which plainly does not require the use or threatened use of "violent force" against another. The decision in Torres-Miguel is directly on point. Indeed, in that case, the court unequivocally held that the threat of any physical injury, even "serious bodily injury or death," does not necessarily require the use of physical force- let alone "violent force."

Relying on several appellate decisions from various circuits, this Court can reason that there are many ways in which physical injury- even death- can result without use of "violent force." Id. Because "the full range of conduct" covered by the Violent Crimes in Aid or Racketeering Activity, under § 1959(a), does not require "violent force." If threat of serious bodily injury or death do not equal violent force, then certainly, threat of "physical injury" does not. Indeed, a defendant can place another in fear of injury by threatening to poison

-8-

that person, to expose that person to hazardous chemicals, to place a barrier in front of the person's car, to lock the person up in the car on a hot day, to lock that person at an abandoned site without food or shelter- some of the very examples that the courts have mentioned <u>do</u> <u>not</u> constitute "violent force."

Because "the full range of conduct" covered by the Violent Crimes in Aid of Racketeering Activity, under § 1959, does not require any use of "violent force," it simply cannot qualify as a "crime of violence" under § 924(c)(3)'s force clause. And it makes no difference, even if the possibility of violating § 1959 without violent physical force is slim. Because the possibility exists, this Court cannot legally find that Murder and Maiming in Aid of Racketeering is a "crime of violence." The elements, under Title 18 U.S.C. § 1959(a)(1) and (2), leaves open the possibility that one could be prosecuted and convicted under the statute for the use of non-violent force. Therefore, Murder and Maiming in Aid or Racketerring categorically fails to qualify as a "crime of violence."

In the Supreme Court's decision in <u>United States v. Davis</u>, not only was § 924(c)(3)(B)'s "residual clause" invalidated, but it also invalidated the "conduct-specific approach" adopted by many of the lower courts in the wake of <u>Johnson II</u> (2015). This Court must now return to the well-established "categorical approach" whenever assessing whether or not an offense qualifies as a "crime of violent under the remaining "elements clause" of § 924(c)(3)(A). Inevitably the government will now, in turn, attempt to "seek an inconsistent advantage by pursuing an incompatible theory," claiming Murder and Maiming in Aid or Racketeering, under § 1959(a)(1) and (2), falls under § 924(c)(3)(A)'s "elements clause" when assessed using the (historical) "categorical approach," but this subsequent flip-flopping only further erodes their credibility. See <u>Davis</u>, 558 U.S. ____ (2019). In that opinion, the Court referenced 18B Charles Alan Wright et al..., Federal

-9-

Practive and Procedure 4477 ("Absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory.") If the United States had previously believed that § 1951(a)(1) and (2) qualified as a "crime of violence" under § 924(c)(3)(A)'s "elements clause" using the "categorical approach" it would not have resorted to using the remedial, more laborious, "conduct-specific approach" after Johnson II (2015).

Statute 1959(a)(1) and (2) can be committed using conduct that induces a perceived threat of FUTURE injury (damage) by poisoning an individual to increase position in an enterprise engaged in racketeering activity. Clearly, this type of highly attenuated threat falls far short of the "violent force" standard articluated in Johnson II (2015). Furthermore, such a drastic temporal expansion to include conduct that MAY result in damage or injury at some FUTURE point in time runs counter to the Supreme Court's more recent guidance in Dimaya stating that "in the ordinary case, the riskiness of a crime arises from the events occurrring DURING its commission, not events occurring later." Dimaya, 138 S.Ct. at 1221 (internal emphasis added).

"[T]o consign 'thousands' of defendants to prison for years- potentially decades, not because it is certain or even likely that Congress ordained those penalties, but because it is merely 'possible' Congress might have done so," would constitute a grave injustice. "In our republic, a speculative possibility that a man's conduct violated the law should never be enough to justify taking his liberty." Davis, 588 U.S. ____ (2019).

The Supreme Court's ruling in Davis requires this Court to now compare the scope of conduct covered by the elements of a crime to § 924(c)'s definition of a

-10-

"crime of violence," and determine whether or not a defendant can be subjected
to the additional mandatory minimum penalties prescribed by § 924(c). Only those
statutes that "ha[ve] as an element the use, attempted use, or threatened use"
of "violent force - i.e., force capable of causing physical pain or injury to
another person," (Johnson, 599 U.S. at 134) will qualify as "crimes of violence"
un der § 924(c)(3)(A)'s remaining "elements clause." Those statutes, such as
§ 1959(a)(1) and (2), that cover conduct which exceeds the breadth and reach of
the "elements clause," will no longer by able to serve as predicate offenses for
§ 924(c) convictions.

    "[T]he rule of lenity teach[es] that ambiguities about the breadth of a
criminal statute should be resolved in the defendant's favor. That rule... is
founded on 'the tenderness of the law for the rights of the individuals' to fair
notice of the law 'and on the plain priciple that the power of punsihment is
vested in the legislative, not the judical department." Davis, 588 U.S. ____
(2019) (internal citations omitted).

    Finally, Petitioner states to the Honorable Court of Appeals that a new
substantive rule, such as the case with Davis, of statutory interpretation
required by the Supreme Court case law is retroactivelly applicable. See Bousley
v. United States, 523 U.S. 614, 616-24 (1998); and McCarthan, 851 F.3d at 1137-39.
Retroactivity is necesasry to comply with the demands of the suspension clause
and allows a prisoner one meaningful opportunity to test the legality of his
detention when his claim is based on a new right. See McCarthan. The Constitution
requires this result fo rnew substantive rules of statutory interpretation.

    Petitioner's continued detention has rested and is based on the idea that
Murder and Maiming in Aid or Racketeering is a "crime of violence." The decision

-11-

in Davis had decided this issue in Petitioner's favor. Petitioner's application for authorization to file a second or successive motion under § 2255 should be granted, because Murder and Maiming in Aid of Racketeering no longer qualifies as a "crime of violence" under § 924(c)'s element or residual clauses. Petitioner should be granted relief. See Davis v. United States, No. 18-cv-1308 (LB), 2019 U.S. Dist. LEXIS 126906 (S.D. N.Y. July 30, 2019) (vacating section 924(c) conviction predicated on Racketeering conspiracy); Almanzar-Paulino v. United States, No. 16-cv-5116 (NSR), 2019 U.S. Dist. LEXIS 1275 (S.D. N.Y. July 30, 2019) (vacating section 924(c) conviction predicated on Hobbs Act Robbery conspiracy); United States v. Conception, No. 16-cv-4714 (NSR), 2019 U.S. Dist. LEXIS 127706 (S.D. N.Y. July 30, 2019); United States v. Carcamo, No. 17-16825, 2019 U.S. App. LEXIS 21973 (9th Cir. July 23, 2019) (vacating Section 924(c) convictions predicated on Racketeering conspiracy and conspiracy to commit violent crime in aid or Racketeering); United States v. Cruz-Ramirez, No. 11-10632, 2019 U.S. App. LEXIS 21528 (9th Cir. July 19, 2019); United States v. Ledbetter, No. 17-3289, 2019 U.S. App. LEXIS 19918, at 47-48 (6th Cir. July 3, 2019); and Coleman v. United States, No. 16-cv-01552, 2019 U.S. Dist. LEXIS 110656 (M.D. Tenn. July 2, 2019).

Petitioner's Murder and Maiming in Aid of Racketeering, under 18 U.S.C. § 1959(a)(1) and (2), chargé is not an underlying "crime of violence" to warrant an 18 U.S.C. § 924(c) conviction. Johnson, Dimaya, and now Davis, supra. Therefore, Petitioner's conviction is unconstitutional since the elements and force clause of the § 924(c) violation, when the residual clause and the force clause was not construed categorically different from what they are now construed, using the categorical appraoch and not specific offense conduct. See Davis, NO. 18-431 U.S. Supreme Court Cite (2019). Petitioner has made a prima facie showing that this § 2255(h)(2) deserves to be rewarded back to the district court.

-12-

III.    THE PETITIONER HAS, AT THE VERY LEAST, MADE A PRIMA FACIE
        SHOWING THAT CONSPIRACY TO COMMIT MURDER IN AID OF
        RACKETEERING, IN VIOLATION OF TITLE 18 U.S.C. § 1959(a)(5),
        IS NOT A CRIME OF VIOLENCE BASED ON § 924(c)(3)(B) BEING
        UNCONSTITUTIONALLY VAGUE, IN LIGHT OF U.S. V. DAVIS (2019)

According to United States v. Davis, United States Supreme Court Cite,
No. 18-431 (2019), Title 18 U.S.C. § 924(c)(1)(A) is unconstitutional and
violates Petitioner's Fifth Amendment rights to Due Process. As stated in
Argument II, Murder and Maiming in Aid or Racketerring is not a "crime of
violence" and cannot qualify as a predicate offence for a § 924(c) conviction.
Therefore, relying on the same argument, Conspiracy to Commit Murder in Aid of
Racketeering cannot qualify as a "crime of violence" for § 924(c) conviction.

Conspiracy to Commit Murder in Aid of Racketeering, under Title 18 U.S.C.
§ 1959(a)(5), does not have as an element the "use, attempted use, or threatened
use of [violent] physical force." 18 U.S.C. § 924(c)(3). Conspiracy to Commit
Murder in Aid of Racketeering cannot qualify as a "crime of violence" under the
residual clause because the clause is void for vagueness under Johnson, Dimaya,
and now Davis. In Davis, the Supreme Court stated that the residual caluse
mandated a two-step frame work [under the categorical approach], to determine
whether a crime is a violent felony. In the first step, the court must determine
"the kind of conduct that the crime involved in the ordinary case as opposed to
the facts, or the grounds in the defendant's prior case." The second step is also
dependent on the ordinary case. Specifically, the "Court must gauge whether that
the ordinary case of the crime presents a serious potential risk of injury." Id.

The Supreme Court held in Johnson, and now Davis, that these "two features
of the residual clause conspire to make it unconstitutionally vague." The Court
held in Johnson, Dimaya, and now Davis, that it is impossible for a Sentencing
Court to even get past the first two steps because there is too much uncertainty
about what constitutes the ordinary case of a crime. The Court concluded that "the

-13-

residual clause offers no reliable way to choose between competing accounts of what 'ordinary' involves." See Johnson at 2258, and Davis. The Court also stated that the second step of the residual clause analysis is equally framed because there is too much "uncertainty about how much risk it takes before a court can conclude that 'ordinary case' of a crime is serious enough to be a violent felony." Id. To be clear, the Court's reasoning on the second step did not turn on the type of risk, i.e., "serious potential risk of physical injury." Rather, like the first step, it also turned on the doomed "ordinary case" injury. "It is one thing to apply in imprecise 'serious potential risk' standard to real-world facts, it is quite another to apply it to a judge-imagined [ordinary case] abstraction." Johnson at 135, and Davis. With these words, the Court conveyed in Johnson and now Davis that the residual clause would not have been in question of the statute had it required the jury to determine the risk based on the individual facts in the case. The Court stated and explained that it was not doubting the constitutionality of any statute which "requires guaging the riskiness of conduct in which an individual defendant engages on a particular occasion." Johnson at 2561. However, though, because under 16(b), ACCA, and now § 924(c)(3)(B) in Davis's residual clause, the quantum risk had to be assessed based on the ordinary case. The clause is constitutionally dommed and § 924(c)(3)(B) is therefore unconstitutionally vague.

The Court held in Johnson, Dimaya, and now Davis that such indetermincy, unpredictability, and arbitrariness is present in the "ordinary" case analysis is more that the "due process clause tolerates." Johnson, Dimaya, Davis. Therefore, Conspiracy to Commit Murder in Aid of Racketeering is not a "crime of violence" because it can be committed without the use of force. Murder in Aid of Racketeering is not a "crime of violence," therefore, Conspiracy to Commit Murder in Aid of

-14-

Racketeering is not a "crime of violence" under § 924(c). Murder can be committed

without the use of force. Therefore, mere causation of bodily injury does not

necessarily entail violent force. Section 1111 of Title 18 provides that:

> Murder is the unlawful killing of a human being with malice
> aforethought. Every murder perpetrated by poison, lying in wait,
> or any other kind of willful, deliberate, malicious and
> premeditated killing; or committed in the perpetration of, or
> attempt to perpetrate, any arson, escape, murder, kidnapping,
> treason, espionage, sabotage, aggravated sexual abuse or sexual
> abuse, child abuse, burglary, or robbery; or perpetrated as part
> of a pattern or practive of assault or torture against a child or
> children; or perpetrated design unlawfully and maliciously to
> effect the death of any human being other than him who is killed,
> is murder in the first degree.

18 U.S.C. §1111. By the statute's very terms, which was created by Congress,

Murder can be committed without the use of force. For example, it can be committed

by poison. See Dalton v. Ashcroft, 257 F.3d 200, 207 (2nd Cirl 2001). Though

Murder results in death, it does not require the use of physical foce. Under

Torres-Miguel, Murder cannot qualify as a "crime of violence." Therefore,

neither can Conspiracy to Commit Murder in Aid of Racketeering.

Under Title 18 U.S.C. § 1959(a)(5), Conspiracy to Commit Murder in Aid of

Racketeering is not a violent offense. Title 18 U.S.C. § 1959(a)(5) does not

require an overt act for conviction, thus criminalizing a broader range of conduct

that was covered by generic conspiracy, and the conviction alone did not establish

that Petitioner was found guilty of all the elements of generic conspiracy.

Conspiracy under Title 18 U.S.C. § 371 has four (4) elements:

> (1) An agreement between two or more persons to commit a specified
> federal offense;
>
> (2) the defendant was a party to or member of that agreement;
>
> (3) the defendant joined the agreement of conspiracy knowing of its
> objective and that kthe defendant and at least one other alleged
> conspirator shared a unity of purpose; and
>
> (4) that one of the conspirators committed an overt act in furtherance
> of the conspiracy.

-15-

"The heart of conspiracy is an agreement; a willing knowing intentional
participation in the agreement." <u>Pinkerton v. United States</u>, 328 U.S. 640, 643
(1946)(explaining it is "well established" that "the commission of the
substantive offense and a conspiracy to commit it are distinct offenses").
An overt act in a conspiracy can be perfectly innocent. See <u>Cramer v. United States</u>,
325 U.S. at 7 (1945), "so long as it furthers the purpose of the conspiracy."
<u>Iannelli v. United States</u>, 420 U.S. 770, 786 No. 17 (1975). Conspiracy is not a
"crime of violence" under the "force clause" of § 924(c)(3)(A), since one can
conspire to violate federal law without intentionally using violent physical
force. See <u>Leocal v. Ashcroft</u>, 543 U.S. 1 (2004). Conspiracy is also not a "crime
of violence" under the "residual clause" of § 924(c)(3)(B), as the clause was
invalidated by the Supreme Court's decision in <u>Davis</u>.

Petitioner's Conspiracy to Commit Murder in Aid of Racketeering, under
18 U.S.C. § 1959(a)(5), charge is not an underlying "crime of violence" to
warrant an 18 U.S.C. § 924(c) conviction. <u>Johnson</u>, <u>Dimaya</u>, and now <u>Davis</u>, supra.
Therefore, Petitioner's conviction is unconstitutional since the elements and
force clause of the § 924(c) violation, when the residual clause and the force
clause was not construed categorically different from what they are now construed,
using the categorical approach and not specific offense conduct. See <u>Davis</u>, No.
18-431 U.S. Supreme Court Cite (2019). Petitioner has made a prima facie showing
that this § 2255(h)(2) deserves to be rewarded back to the district court.

IV.    THE PETITIONER HAS, AT THE VERY LEAST, MADE A PRIMA FACIE
       SHOWING THAT HE NO LONGER HAS A QUALIFYING PREDICATE OFFENSE
       TO WARRANT A § 924(c) CONVICTION, IN LIGHT OF U.S. V. DAVIS

As laid out in Argument II and III above, Petitioner no longer has a

qualifying predicate offense to warrant a § 924(c) conviction. In light of the

U.S. Supreme Court's decision in United States v. Davis, United States Supreme

Court Cite, No. 18-431 (2019), Murder and Maiming in Aid of Racketeering, in

violation of Title 18 U.S.C. § 1959(a)(1) and (2), and Conspiracy to Commit

Murder in Aid or Racketeering, in violation of Title 18 U.S.C. § 1959(a)(5), no

longer qualify as a predicate "crime of violence" offense to warrant a § 924(c)

conviction. Therefore, the Davis decision means that Petitioner's § 924(c)

conviction that was attached to Petitioner's § 1959(a)(1), (2), and (5), predicate

offenses must be vacated for the above stated reasons.


### CONCLUSION

WHEREFORE, Petitioner has shown that the scope of review at this stage

is strictly circumscribed and has, at the very least, made a prima facie showing

that his § 1959(a) convictions do not qualify as "crime[s] of violence," based

on § 924(c)(3)(B) being unconstitutionally vague, in light of the decision in

United States v. Davis. Petitioner also requests that this Honorable Court remand

his case back tot he U.S. District Court, with instructions to resentence the

Petitioner, based on violations fo his Fifth and Sixth Amendment rights to due

process and an unconstitutionally vague statute.


Respectfully Submitted,

Ruben Feliciano
Reg. #12986-014, Unit A-2
Federal Correctional Complex-
Coleman Medium
P.O. Box 1032
Coleman, Florida 33521-1032

9/10/19
Date

-17-

## CERTIFICATE OF SERVICE

I, Ruben Feliciano, HEREBY CERTIFY that a true and correct copy of the foregoing, Petitioner's MEMORANDUM OF LAW, has been furnished, via the United States Postal Service, this __10__ day of __September__, 2019, to:

Clerk of the Court
U.S. Court of Appeals
for the Second Circuit
40 Foley Square
New York, NY 10007

"and"

U.S. Attorney
U.S. Attorney's Office
157 Church Street, FLoor 23
New Haven, CT 06510

Respectfully Submitted,

Ruben Feliciano
Reg. #12986-014, Unit A-2
Federal Correctional Complex-
Coleman Medium
P.O. Box 1032
Coleman, Florida 33521-1032

-18-

Ruben Feliciano
Reg. #12986-014, Unit A-2
Federal Correctional Complex
Coleman-Medium
P.O. Box 1032
Coleman, Florida 33521-1032

   

U.S. POSTAGE PAID
FCM LG ENV
COLEMAN, FL
33521
SEP 12 19
AMOUNT
$0.00
R2304Y122863-99

1023     10007





SDNY

 

Clerk of the Court
U.S. Court of Appeals
for the Second Circuit
40 Foley Square
New York, NY 10007